## WIHELM *et al. v.* MERTZ *et al.* ·

Where the title to land was in the wife before coverture, a lease executed by the husband alone cannot affect her rights after a divorce,

Unless a lease has been acknowledged and recorded according to law, it is valid only between the parties thereto and such as have *actual* notice thereof.

Actual notice can only be given by express information or personal service.

### *Error to Des Moines District Court.*

*Opinion by* GREENE, J. Francis, Peter and Bernhart Mertz, commenced an action of right against Jacob Wihelm and Range. Plea, general issue. Verdict and judgment for plaintiffs.

Upon the trial, plaintiffs offered in evidence a deed from Ann Wigginton conveying the lot in controversy to Lyman Cook and John Prugh, dated Nov. 16, 1849, and a deed from said Cook and Prugh dated December 13, 1849, conveying the lot to the plaintiffs.

The defendants offered in evidence a lease purporting to be from Ann and David Wigginton to Peter Lindemuth for the term of three years from October 1, 1848. Lease executed July 29, 1848, and assigned by Lindemuth to the defendants, August 11, 1848. It is conceded that the lease was not signed by Ann. Plaintiff then proved that after the execution of the lease, and before the deed was executed by Ann Wigginton to Cook and Prugh, he and her husband David were divorced by decree of the district court. It was conceded that Ann had fee simple title to the lot when the lease and deed were executed, and although there was no evidence to prove that the lease was executed by or known to Ann, still there was evidence tending to prove that she received rent. The only questions involved grow out of the instructions to the jury.

1. The court instructed the jury that a lease from Wigginton alone binds the wife only so long as the coverture

Wihelm *v.* Mertz.

existed, and would not bind her after the divorce, unless in some way ratified by her. This instruction is claimed to be erroneous, but we can see nothing in it calculated to mislead the jury. The lot having been Ann's before coverture, it clearly follows that a lease executed by the husband alone could not effect her right to the property, subsequent to the divorce, without her consent. If he alone could give a lease for three years, he could for twenty or for ninety-nine years, and thus convert his right by courtesy into an absolute control. It is obvious that he could not by lease create a greater tenancy than that which he himself enjoyed. That tenancy could only continue while he remained the husband of Ann. When that relation was dissolved, whether by death or by divorce, his interest in the estate was extinguished, and so was the interest of those who held under him.

2. The following instruction given is also objected to by plaintiff in error: "That to enable defendant to rely on the lease it must have been acknowledged and recorded, as required by the law of conveyances, before Cook and Prugh purchased, or else *actual notice* of the lease to them must be proved." The court also instructed the jury that mere rumor or knowledge that a lease did exist is not evidence of a knowledge of its contents. To this and the other instructions given upon this point, we can see no legal objection. The law in force, when the lease in question was executed, expressly declares that "no such instrument in writing is valid, except between the parties thereto, and such as have *actual notice* thereof, until the same shall be deposited with the recorder for record." Rev. Stat. p. 209, § 31. Under this statute mere constructive notice is not sufficient. The possession of defendants, and the other circumstances given in evidence conducing to prove notice, would have been sufficient to establish constructive notice. If nothing more than notice was required by our statute, the authorities cited by counsel would have been relevant and conclusive. But not so

where *actual notice* is required. This court ruled in *Hopping* v. *Burnam*, 2 G. Greene, 39, that "*actual notice* can only be communicated by express information to, or personal service upon the party interested in the notice." We consider no notice actually made to a party, which does not come up to this rule.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*M. D. Browning*, for defendant.